**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

TRACY BALLOG,

     Plaintiff,

v.

ADAMS COUNTY SHERIFF DEPUTY CANO, in his Individual and Official Capacities,

COMMERCE CITY POLICE OFFICER CANO, in his Individual and Official Capacities,

COMMERCE CITY,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW, Plaintiff Tracy Ballog, by and through her attorney Cheryl Trine of Trine Law Firm LLC, and alleges and complains as follows:

### GENERAL ALLEGATIONS

### JURISDICTION

1.    This is a civil action for damages and attorney's fees and costs, for the violation of Plaintiff's civil rights.  Jurisdiction is invoked under Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the Constitution of the United States.

### VENUE

2.    Venue properly lies in the District of Colorado pursuant to 28 U.S.C. §1391(b).

## PARTIES

3.      The Plaintiff, Tracy Ballog, is a resident of Colorado and a citizen of the United States.

4.      At all times material hereto, Defendants were residents of Colorado and citizens of the United States.

5.      At all times material hereto, Defendant Sheriff Deputy Cano was an employee and/or agent of the Adams County Sheriff's Department, acting within the course and scope of her employment and acting under color of state law.

6.      At all times material hereto, Defendant Police Officer Cano was an employee and/or agent of the Commerce City Police Department and Commerce City, acting within the course and scope of his employment and acting under color of state law.

## FACTUAL ALLEGATIONS

7.      On July 10, 2013, Tracy Ballog was stopped at 10:45 a.m. in front of her home in Commerce City by Adams County Sheriff Deputy Cano.

8.      Deputy Cano approached the car and asked for Ms. Ballog's driver's license without telling her the purpose of the stop.

9.      Ms. Ballog had just used the car to pick up a prescription for her dog Punkin, who was dying of cancer.

10.      Deputy Cano took Ms. Ballog's information back to the cruiser, and then called her husband in the Commerce City Police Department for back-up.

11.      Five Commerce City police cars arrived on the scene with lights flashing.

12.      Officer Cano approached  Ms. Ballog in an unmarked car, and asked her about the scars she had on her arms.

13.     Ms. Ballog informed Officer Cano that she had been burned at work for Coors with Potassium Hydroxide cleaning bottles.

14.     Officer Cano asked if Ms. Ballog had drugs or guns and she said she had neither. He still directed her to get out of her car and he performed a full body search rather than requesting Deputy Cano perform the search.

15.     Officer Cano kept calling Tracy Ballog, "Danielle" and she corrected him several times.

16.     Officer Cano mentioned this is a high drug traffic area, and asked to search Ms. Ballog's car.  She consented.  There were no drugs or weapons.

17.     Tracy Ballog told Officer Cano she had a dying dog in the house and could she please give him his medicine.  He taunted her saying he also had a dog die.

18.     Officer Cano told Ms. Ballog she would need to pass a roadside sobriety test. During the test, another drug unit arrived on the scene.  The officers told Ms. Ballog she would be arrested and taken to the police station to run a roadside sobriety test "in a controlled environment" to see if they could replicate the results.

19.     They handcuffed her in front of her neighbors and landlord.  They impounded her car.

20.     No warrant had been issued for her arrest.

21.     There was no probable cause to believe a crime had been committed.  Ms. Ballog passed the field sobriety test and a search of her car turned up nothing.

22.     At the station, a group of male officers entered the room in which Ms. Ballog was being held, pulled her into an office, and there pulled out a blood kit.  All the officers had on latex gloves.  Ms. Ballog had not agreed to a blood test and she felt afraid for her life.  She said

she was there for a secondary roadside sobriety test in a controlled environment and had not agreed to a blood test.  The officers laughed and said they would get her next time.

23.     Officer Cano began yelling at Ms. Ballog, and then he cuffered her and moved her to Washington House Detox at 74th and Dahlia in Commerce City.

24.     At Washington House, an alcohol/drug counselor administered a breathalyzer test, and Ms. Ballog blew zeros.  The counselor told Officer Cano that Ms. Ballog was clean, but Officer Cano whispered something into his ear, and so he told Ms. Ballog she could leave after she was processed into the facility.

25.     During the intake process, Ms. Ballog's blood pressure was 260/140, and so they took her to North Suburban Medical Center.  During transport to the medical center, the counselor told Ms. Ballog that Officer Cano told him that she was a meth cook and they could tell because of the scars on her arms.

26.     A friend picked Ms. Ballog up at the medical center at 5:00 p.m.

27.     Because of her public arrest, Ms. Ballog was evicted from her apartment, and fired from her job because they thought she was arrested for dealing drugs.  Her landlords, who lived above her, had a child killed by a drunk driver.   Ms. Ballog was evicted the day her dog died from cancer.  She lost her car to impound fees because she was homeless and had no job.

28.     A hearing was scheduled before a judge on January 25, 2014.  Ms. Ballog pled not guilty.  The judge dropped all charges.  He said there was no probable cause for an arrest, and that she should not have even been stopped.

29.     During the hearing, Deputy Cano testified she failed to fill out any paperwork until months after the arrest.

30.     The Commerce City Police are still following Tracy Ballog.  She is afraid.

31.     As a result of the violation of her rights, Ms. Ballog has been injured and damaged in the following particulars:

(a)     Economic damages from, *inter alia*, lost wages and possessions, including her car.

(b)     Non-economic damages from, *inter alia*, fear, humiliation, stress, distress, and loss of enjoyment of life.

## FIRST CLAIM FOR RELIEF

### (Section 1983 Violation of Plaintiff's Civil Rights For False Arrest Under the Fourth Amendment to the U.S. Constitution)

32.     Plaintiff incorporates herein all previous allegations and statements.

33.      Each of the Defendants intended to restrict Plaintiff's freedom of movement both by stopping her vehicle, calling in back-up in the form of the police, placing her into handcuffs, and transporting her to the police station where both Defendants participated in restricting Plaintiff's freedom of movement further.

34.     Plaintiff's freedom of movement was restricted from approximately 10:45 a.m. through 5:00 p.m. on July 10, 2013.

35.     Plaintiff was aware that her freedom of movement was restricted because she was forced to stop, not allowed to enter her home to care for her dying pet, handcuffed, and transported to multiple locations in handcuffs.

36.     No warrant had been issued for Ms. Ballog's arrest and there was no probable cause to believe a crime had been committed.  Ms. Ballog passed the field sobriety test and a search of her person and her car turned up nothing.   After being arrested, Ms. Ballog continued to be detained without probable cause and then was prosecuted despite the lack of probable cause for the arrest.

37.     A judge found the stop was illegal and there was no probable cause for the arrest, and he dismissed all charges against Ms. Ballog.

38.     As a result of her false arrest, Ms. Balou was injured and damaged as set forth in Paragraph 31, *Supra*.

## SECOND CLAIM FOR RELIEF

**(Section 1983 Violation of Plaintiff's Civil Rights For Malicious Prosecution
Under the Fourth Amendment to the U.S. Constitution)**

39.     Plaintiff incorporates herein all previous allegations and statements.

40.     The Defendants caused the Plaintiff's continued prosecution even after Plaintiff blew a 0 during the breathalyzer test, passed the field sobriety test, and was searched without any evidence to support a crime.  Deputy Cano wrote a police report months after the stop and arrest.

41.     The charges were dismissed.

42.     There was no probable cause to supp0ort the original arrest and continued prosecution, as affirmed by the judge who dismissed the charges.

43.     The Defendants acted with malice.  Malice is any motive other than a desire to bring an offender to justice and may be inferred from a lack of probable cause.  ***Montgomery Ward & Co. v. Pherson***, 272 P.2d 643, 646 (Colo. 1954).

44.     The Plaintiff sustained damages as set forth in Paragraph 31, *Supra*.

## THIRD CLAIM FOR RELIEF

**(42 U.S.C. § 1983 claim against Commerce City – Failure to Adequately Train, Supervise,
and Discipline Officers)**

45.     Plaintiff incorporates herein all previous allegations and statements.

46.     Commerce City failed to adequately train, supervise and discipline its police officers with respect to a lawful arrest and sobriety test procedures.

47.     The inadequate training, inadequate discipline and inadequate supervision, demonstrates a deliberate indifference on the part of Commerce City towards persons with whom police officers come into contact.

48.     The policy makers for Commerce City, including but not limited to the Chief of Police knew that officers were customarily making unlawful arrests and using unlawful drug testing procedures, but failed to take adequate measures to stop the violations.

49.     There was a direct causal link between the constitutional deprivations as aforesaid, and the inadequate training, inadequate discipline and inadequate supervision.

50.     The need for more or different training, discipline, and supervision was so obvious, and the inadequacy so likely to result in a violation of constitutional rights, that the policy makers of Commerce City can reasonably be said to have been deliberately indifferent to the need.

51.     Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at the time of trial.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF

**(Exemplary damages pursuant to 42 U.S.C. § 1983)**

52.     Plaintiff incorporates herein all previous allegations.

53.     The actions or omissions of Defendants, as aforesaid, were committed with reckless or callous disregard for Plaintiff's federally protected rights.

54.     Plaintiff is entitled to exemplary damages pursuant to 42 U.S.C. § 1983 in an amount to be proved at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment be entered against Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for her injuries, damages, and losses as determined at time of trial, for attorney's fees and interest as provided by law, for punitive damages pursuant to Title 42 U.S.C. § 1988, and for her costs, expert witness fees, and such further relief as the Court deems just and appropriate.

Dated this 9th day of July, 2015.

Respectfully submitted,

By:    /s/ Cheryl Trine            _____
          Cheryl Trine
          Trine Law Firm LLC
          1635 Foxtrail Drive
          Loveland, CO 80538
          Phone: (970) 776-3327
          Fax: (970) 776-3319
          ctrine@trinelaw.net


**PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX PERSONS.**


Plaintiff's Address:

Tracy Ballog
7501 Brighton Blvd., Apt. 3
Commerce City, CO 80022